

EOD
01/05/2010

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| TED PROHASKA, INC. | § | CASE NO. 07-40257-BTR-7 |
| | § | **(Chapter 7)** |
| DEBTOR. | § | |

| | | |
|---|---|---|
| CHRISTOPHER J. MOSER, | § | |
| CHAPTER 7 TRUSTEE | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | ADVERSARY NO. 08-4176 |
| | § | |
| BANK OF AMERICA, | § | |
| | § | |
| Defendant. | § | |

## FINDINGS OF FACT
## AND CONCLUSIONS OF LAW

This matter is before the Court following a trial of the plaintiff's adversary complaint on November 24, 2009. For the reasons stated on the record at the conclusion of the trial and set forth herein, the Court concludes that judgment should be entered for the defendant.

## FINDINGS OF FACT

1. This adversary proceeding relates to a Chapter 7 bankruptcy case.

2. The order for relief in the main case was entered on February 8, 2007.

3. The plaintiff is the duly qualified and acting Chapter 7 trustee.

4. On the dates shown below, Elizabeth Prohaska drew cash advances on her Bank of America and MBNA credit lines in the amounts set out opposite each date:

| Date | Amount | Bank |
|---|---|---|
| 02/09/06 | $4,500.00 | Bank of America |
| 02/13/06 | $10,000.00 | MBNA |
| 02/14/06 | $8,000.00 | MBNA |
| 03/03/06 | $4,000.00 | Bank of America |
|  | $26,500.00 |  |

5. Each of these cash advances was deposited in the debtor's operating account on the same date.

6. The cash advances described in paragraph 4 above were intended as a temporary loan by Mr. and Mrs. Prohaska to the debtor until the closing of the sale of real estate owned by the Prohaskas.

7. The debtor transferred funds to MBNA on the following dates from the debtor's checking account:

| 03/09/06: | Check Number 1491 | $10,147.00 |
| 03/09/06 | Check Number 1491 | $8,065.00 |

8. The debtor transferred funds to the defendant, Bank of America, on the following date from the debtor's checking account:

03/09/06   Electronic payment transfer   $8,519.00

9. On March 6, 2006, Mr. and Mrs. Prohaska advanced $200,000 to debtor from the proceeds of the sale of the Prohaskas' real property.

10. A portion of the $200,000 was used to repay, in part, the cash advances from Bank of America and MBNA described in paragraph no. 4 above.

11. The transfers were applied by the respective recipients to personal credit card debt owed by Elizabeth Prohaska on her personal credit card accounts with Bank of America and MBNA.

12. Bank of America is the successor-in-interest of MBNA.

13. The transfers described in paragraphs 7 and 8 above were not made with the intent to hinder, delay or defraud any creditor of the debtor.

14. The debtor received far more than reasonably equivalent value in exchange for the transfers described in paragraphs 7 and 8 above in that (i) the debtor received the proceeds of the cash advances ($26,500); (ii) the debtor's indebtedness to Elizabeth Prohaska arising from the advances described in paragraph 4 above was reduced dollar-for-dollar, and (iii) the debtor received the cash proceeds from the sale of real property described in paragraph no. 9 above..

15. To the extent the foregoing findings of fact are construed to be conclusions of law, they are hereby adopted as such.

## CONCLUSIONS OF LAW

1. This court has subject-matter jurisdiction under 28 U.S.C. § 157(a) and (b)(1).

2. This is a core proceeding under 28 U.S.C. § 157(b)(2)(H).

3. The plaintiff/trustee has not carried his burden to establish by a preponderance of the evidence that the transfers by debtor described in the findings of fact, paragraph 4 above, were made with the intent to hinder, delay or defraud creditors of debtor at the time of the transfers.

4. The plaintiff/trustee has not carried his burden to establish by a preponderance of the evidence that the debtor was insolvent on the dates of the transfers by debtor described in the findings of fact, paragraph 4 above.

5. The plaintiff/trustee has not carried his burden to establish by a preponderance of the evidence that the debtor did not receive reasonably equivalent value for the transfers by debtor described in the findings of fact, paragraph 4 above.

6. The plaintiff/trustee has failed to establish a fraudulent transfer under either 11 U.S.C. § 548(a)(1) or TEXAS BUSINESS & COMMERCE CODE chapter 24.

7. Accordingly, judgment shall be entered for defendant Bank of America dismissing this adversary proceeding on its merits with prejudice.

8. To the extent the foregoing conclusions of law are construed to be findings of fact, they are hereby adopted as such.

Signed on 1/5/2010

*Brenda T. Rhoades* SR
HONORABLE BRENDA T. RHOADES,
UNITED STATES BANKRUPTCY JUDGE